DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL'S TREE SERVICE, INC.,**
Appellant,

v.

**NATIONAL CORE SERVICES CORP.** d/b/a
**GROUNDS GROUP LANDSCAPING,**
Appellee.

No. 4D22-505

[August 23, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE18-009197.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Michael E. Stearns and Mark H. Shore of Stearns, Roberts & Guttentag, LLC, Deerfield Beach, for appellant.

Vincent F. Vaccarella and Craig R. Lewis of Vincent F. Vaccarella, P.A., Fort Lauderdale, for appellee.

### _ON APPELLEE'S MOTION FOR REHEARING OR CLARIFICATION_

GERBER, J.

After the issuance of our June 28, 2023 opinion, appellee filed a motion for rehearing or clarification regarding our remand instructions. We have reviewed appellee's motion, appellant's response, and appellee's permitted reply. Based on the foregoing, we grant appellee's motion for rehearing or clarification, and substitute the following opinion to modify our remand instructions consistent with _Lefemine v. Baron_, 573 So. 2d 326, 330 (Fla. 1991).

In this sales contract case, the buyer appeals from the circuit court's final judgment holding the buyer liable for breach of contract. The buyer primarily argues the circuit court erred in rejecting the buyer's argument that the contract contained an unenforceable liquidated damages clause.

We agree with the buyer that the contract contained a liquidated damages clause, but do not reach the issue of whether the clause was enforceable, because the circuit court has not done so in the first instance. Thus, although we reverse the circuit court's final judgment, we remand for the circuit court to hold a trial to determine the liquidated damages clause's enforceability, based on: (1) whether the seller's damages in the event of the buyer's breach were readily ascertainable at the time the parties executed the contract; and (2) whether the liquidated damages clause required the payment of damages grossly disproportionate to the seller's damages reasonably expected to be caused by the buyer's breach.

### ***Procedural History***

The subject contract provided, in pertinent part:

> [The Seller] … does hereby sell, assign and transfer to [the Buyer] … the following property:
>
> Equipment:  Air Burner S-327 Air Curtain Incinerator …[1]
>
> …
>
> The total price of the property is $175,000.00.  …
>
> *Included in this [contract] is the provision Buyer will take debris, free of charge (appx. 10,000-12,000 yards) from the property where the burner and debris were inspected by Buyer prior to purchase.  [Seller] will cover the cost of transporting the debris to the burn location … and Buyer will cover the cost of accepting delivery of the debris.  If, for any reason, Buyer does not accept the debris, [Buyer] will reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard.*
>
> …

(bolding omitted; italics and underlining added).

---

[1] "An 'air curtain incinerator' operates by forcefully projecting a curtain of air across an open, integrated combustion chamber (fire box) or open pit or trench (trench burner) in which combustion occurs."  *See* Cornell Law School Legal Information Institute, 40 CFR § 60.2970 ("What is an air curtain incinerator?"), https://www.law.cornell.edu/cfr/text/40/60.2970 (last checked June 14, 2023).  Air curtain incinerators are used to burn wood waste and yard waste. *Id.*

The seller later filed a complaint against the buyer for breach of contract. The seller's complaint pertinently alleged:

> [Seller] entered into a bill of sale contract with [Buyer] under which [Buyer] would pay [Seller] an agreed upon sum in exchange for the transfer of title and ownership of some equipment for use in [Buyer's] business.
>
> As consideration for the transfer of title and ownership, the contract required that [Buyer] pay $175,000[,] and [contained a debris disposal provision which required] that [Buyer] either … clear and dispose of the existing debris from the site where the equipment was located or pay [Seller] the agreed upon rate of $35 per yard if [Buyer] did not clear and dispose of the debris. Since, as the contract indicates, there were 12,000 yards of debris, the total amount that [Buyer] agreed to pay if it did not clear and dispose of the debris was $595,000.
>
> [Buyer] paid some of the consideration for the transfer of title and ownership (the $175,000) but did not clear or dispose of the debris.
>
> [Seller] has demanded that [Buyer] perform its contractual obligations pertaining to the debris, but [Buyer] has failed to comply with that demand and has indicated that it does not intend to clear or dispose of the debris or to pay [Seller] the cost for [Seller] to do so itself.
>
> …

(paragraph numbering and exhibit references deleted).

The buyer filed an answer and affirmative defenses. The buyer's second affirmative defense pertinently alleged:

> The [c]lause within the [c]ontract which requires [the buyer] to accept "10,000-12,000 yards" of debris "free of charge," and to pay [the seller] "$35.00 per yard" for debris rejected by [the buyer] and disposed of by [the seller] is a liquidated damage clause and constitutes an unenforceable penalty as it can only … be enforceable in those limited instances where: (a) damages from a breach are not otherwise readily ascertainable at the time of entry into the contract, and (b) where the damages recited in the liquidated damage[s]

3

clause are not grossly disproportionate to those reasonably expected to follow from a breach. At the time of entry into the [c]ontract, damages from a prospective breach were readily ascertainable by [the seller]. Moreover, the damages recited in the liquidated damage[s] clause were grossly disproportionate to those readily ascertainable damages reasonably expected to follow from any prospective breach of the parties' [c]ontract.

The seller later filed a partial summary judgment motion directed to the buyer's second affirmative defense relating to the contract's debris disposal provision. The seller's motion pertinently argued:

[The buyer] has attacked the [debris disposal] provision in its … Affirmative Defenses[,] incorrectly arguing that it is an unenforceable liquidated damages [clause]. [The buyer] is wrong for two reasons. First, the [debris disposal] provision is part of the consideration for the [contract], and as such is not a liquidated damages [clause]. Second, even if the [debris disposal] provision could be considered solely as a liquidated damages [clause,] it is enforceable as a matter of law because the damages were not readily ascertainable at the time the [contract] was entered and further because the amount and calculation set forth is not grossly disproportionate to the damages that could reasonably be expected to follow from a breach. Accordingly, as a matter of long-established Florida law, the [debris disposal provision] is enforceable as it is consideration for the [contract] or because it is an enforceable liquidated damages [clause].

In support of its partial summary judgment motion, the seller filed three affidavits seeking to establish two facts: (1) the contract's $35 per cubic yard debris disposal rate was commercially reasonable, if not below-market; and (2) the damages which the seller would incur if the buyer did not take the debris were not readily ascertainable to the parties when they entered into the contract, based on various factors. The seller's president's affidavit further provided: "After [the buyer] failed to take the [debris which the buyer] agreed to take in the [contract] … [the seller] has now calculated its actual damages resulting from [the buyer's] failure to take the debris [is] in excess of $782,000 (approximately $65 per cubic yard) which greatly exceeds the $35 per cubic yard figure."

In response, the buyer filed two affidavits attesting the local debris disposal rates were no more than $10 per cubic yard, and therefore the

contract's $35 debris disposal rate was grossly disproportionate to any damages which the seller reasonably could have expected to follow from the buyer's failure to dispose of the debris. The buyer's affidavits also attested the parties could have accurately determined the costs which the seller would have incurred if the buyer had failed to accept the seller's debris, because the debris was a known quantity of a known type of debris which the seller estimated to be between 10,000 and 12,000 cubic yards: "[T]he cost to [the seller] to dispose of any debris allegedly not accepted by [the buyer] is simply a matter of mathematics (quantity x unit price)."

Along with its affidavits, the buyer filed a response to the seller's partial summary judgment motion. The buyer's response summarized its argument as follows:

> [T]he [debris disposal] provision ... [contains] a classic liquidated damages [clause] which specifies a predetermined amount of money—relief that must be paid as damages—if [the buyer] fails to accept and dispose of debris as recited in the [contract]. Contrary to the premise now asserted by [the seller], the [debris disposal provision's $35.00 per cubic yard payment requirement] is a breach consequence, not an alternative remedy. ... [T]he [debris disposal provision's $35.00 per cubic yard payment requirement] constitutes an unenforceable penalty because such [payment] may only be used in lieu of actual damages where: (a) damages from a breach are not otherwise readily ascertainable at the time of entry into the contract, and (b) where the damages recited in the [liquidated damages clause] are not grossly disproportionate to those reasonably expected to follow from a breach. The [liquidated damages clause] fails on both fronts.

After a hearing on the seller's partial summary judgment motion, the circuit court orally ruled in the seller's favor that the debris disposal provision was part of the consideration, not a liquidated damages clause:

> This is a contract ... to purchase an air burner. Included in this [contract] is the provision [that] the buyer will take ... free of charge ... the approximate amount of 10[,000] to 12,000 yards [of debris] from the property where the burner and debris were inspected by [the] buyer prior to purchase. And [the provision] says that [the seller] will cover the cost of transporting the debris[,] and [the] buyer will cover the cost of accepting debris [and] delivery of the debris[,] and if the buyer does not accept the debris, [the buyer] will reimburse [the

5

seller] for disposal of the remaining debris at a rate of $35 per yard. It's all part of the contract. I don't find that [provision to be a] liquidated damages [clause]. It's part of the terms of the … sale of the air burner. It doesn't state that if … the buyer does not pay, then [the seller] is entitled to X amount. [The] [t]erms of the contract [are] very clear[.] [The debris disposal provision is] not a liquidated damages [clause] … [I]t's part of the consideration for the sale and purchase of this air burner.

Before the circuit court entered its written order granting the seller's partial summary judgment motion, the buyer filed a motion for reconsideration of the circuit court's oral ruling. The buyer's motion argued that while the debris disposal provision may have been part of the consideration, that provision also contained a liquidated damages clause. The buyer's motion pertinently argued:

Where the Court has been led astray is in the suggestion by [the seller] that the fact that [the buyer's] agreement to accept [the seller's] debris or pay the fixed damage rate constitutes consideration (it does) somehow means the subject provision cannot also be a liquidated damages [clause]. … It is not an ["]either[-]or["] proposition. There is no prohibition of a contractual liquidated damage[s] [clause] constituting consideration nor of consideration taking the form of a liquidated damage[s] [clause]. To the contrary, an agreement to liquidated damages is by its very nature part of the promises (consideration) flowing both ways in a contract containing such a provision.

[The buyer's] agreement to accept [the seller's] debris was most assuredly, along with payment of the $175,000.00 price for the burner, part of the consideration promised by [the buyer]. [The buyer's] failure to fulfill that promise, if proven, is most certainly a breach entitling [the seller] to damages. Those damages have been fixed by the [contract] at $35.00 per cubic yard of material not accepted.

(paragraph numbering deleted).

Later, the circuit court entered its written order granting the seller's partial summary judgment motion and denying the buyer's motion for reconsideration. In the order, the circuit court pertinently found:

6

[T]he [debris disposal] provision at issue is part of the consideration for the purchase of the air burner under the Contract, it is not a liquidated damages [clause].  A plain and simple reading of the Contract reveals that [the seller] agreed to sell its air burner to [the buyer] for a set dollar amount plus [the buyer] either accepting all of the debris for disposal or paying [the seller] $35 per cubic yard for any debris [which the buyer] did not accept.  … [B]ecause the [debris disposal] provision at issue here was applicable from the [time of] initiation of the [contract], and not dependent upon a subsequent breach of the contract, [the debris disposal provision] could not constitute a liquidated damage[s] [clause].  Here, [the buyer] had the option starting from the very beginning of the Contract to take all, some, or none of the debris, and depending upon which option it chose[,] to pay $35 per cubic yard for debris, if any, that remained.  The option to pay did not require a breach of any contractual provision in order for it to spring into existence.  … [A]lthough the distinction between the clause being a part of the consideration versus a damages clause might be considered by some to be a legal technicality[,] it in fact is an important distinction.  …  Accordingly, based upon the Court's determination that the [debris disposal] provision at issue is part of the contract's consideration and not a liquidated damages [clause], the Court does not address the parties' respective arguments on when liquidated damages … are enforceable.

(paragraph numbers, internal citations, and internal quotation marks deleted).

The case proceeded to a non-jury trial to determine the seller's money damages caused by the buyer not having taken the seller's debris.  After the trial, the circuit court entered a $210,000 final judgment for the seller.

### *This Appeal*

This appeal followed.  The buyer summarizes its argument as follows:

[T]he [circuit] court erred in holding … that the [c]ontract's [debris disposal provision] was a part of the consideration for [the buyer's] purchase of [the seller's] air burner and not a liquidated damages clause.  Even if the [debris disposal provision] … was consideration for the [c]ontract … [the debris

7

disposal provision contains] a liquidated damages [clause] because it satisfies all necessary conditions under Florida law.

The seller summarizes its response as follows:

The [circuit] court was correct ... to hold that the debris [disposal provision] is not a liquidated damages clause, but part of the [air burner's] purchase price. Payment of the $35 per yard contained in the debris [disposal provision] was not damages for breach of any provision of the contract, but an alternative method of performing [the debris disposal].

Our standard of review is de novo. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000) (standard of review of a summary judgment is de novo); *Jackson v. The Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013) (a contract interpretation matter is a question of law subject to de novo review).

Pursuant to Florida law, "[i]n a contractual setting, liquidated damages exist when a specific sum of money has been expressly stipulated or agreed to by the parties for recovery by either party following a breach of the contract by the other." *Hartford Fire Ins. Co. v. Controltec, Inc.*, 561 So. 2d 1334, 1335 (Fla. 5th DCA 1990).

Applying that definition here, the contract contained a classic liquidated damages clause: "If, for any reason, Buyer does not accept the debris, [Buyer] will reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard."

The contract's exchange of consideration was straightforward. The seller agreed to deliver its air burner to the buyer, in exchange for the buyer performing two actions: (1) paying the air burner's $175,000.00 cost; and (2) "tak[ing] debris, free of charge (appx. 10,000-12,000 yards) from the property where the burner and debris were inspected by Buyer prior to purchase." Thus, even though the buyer had paid the air burner's $175,000 cost to the seller after the seller had delivered the air burner to the buyer, the buyer nevertheless breached the contract by not "tak[ing] debris, free of charge (appx. 10,000-12,000 yards) from the property where the burner and debris were inspected by Buyer prior to purchase."

The contract was crystal clear on what the seller's liquidated damages would be if the buyer did not take the debris: "If, for any reason, Buyer does not accept the debris, [Buyer] will reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard." Even though the

8

contract did not refer to the $35.00 per yard payment as "liquidated damages," this payment represented the seller's liquidated damages, because the debris disposal provision's payment obligation was triggered only "[i]f, for any reason, Buyer does not accept the debris."

The seller has argued that the debris disposal provision's $35.00 per cubic yard payment was not a liquidated damages clause, but rather an alternative form of consideration which the buyer could "choose" to pay to the seller instead of the buyer taking the seller's debris. In other words, the seller argues, in addition to paying the $175,000 air burner cost, the buyer had the option of what additional consideration to provide—either (1) "take debris, free of charge (appx. 10,000-12,000 yards) from the property where the burner and debris were inspected by Buyer prior to purchase"; or (2) "reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard."

However, in no reasonable way can the contract's requirement for the buyer to "reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard" be interpreted as a <u>choice</u> for the buyer to make. Rather, the plain language unambiguously indicates that the requirement for the buyer to "reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard" would be the <u>damages</u> imposed on the buyer "[i]f, for any reason, Buyer does not accept the debris."

Further, the seller's argument that we should interpret the contract's requirement for the buyer to "reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard" as a "choice" on the buyer's part is patently unreasonable. The buyer wanted to purchase the air burner, and was willing to pay the agreed-upon purchase price of $175,000. The seller had one additional condition—take the seller's 10,000 to 12,000 yards of debris and dispose of that debris for free. The buyer agreed. And the seller, not wanting to deliver its air burner to the buyer without the buyer also taking the seller's debris, required that "[i]f, for any reason, Buyer does not accept the debris, [Buyer] will reimburse [Seller] for the disposal of the remaining debris at a rate of $35.00 per yard." Again, that is a liquidated damages clause, pure and simple. The buyer had no logical interest in simply "choosing" to pay the seller <u>an additional $350,000 to $420,000</u> when the parties already had agreed to the air burner's purchase price of <u>$175,000</u>. The seller's argument to that effect is similarly illogical.

9

### *Conclusion*

Having determined that the contract's debris disposal provision contained a liquidated damages clause, we must reverse the circuit court's final judgment in the seller's favor. We also must remand for the circuit court to hold a trial to determine the liquidated damages clause's enforceability, based on: (1) whether the seller's damages in the event of the buyer's breach were readily ascertainable at the time the parties executed the contract; and (2) whether the liquidated damages clause required the payment of damages grossly disproportionate to the seller's damages reasonably expected to be caused by the buyer's breach. *See Lefemine v. Baron*, 573 So. 2d 326, 328 (Fla. 1991) (recognizing a two-prong test as to when a liquidated damages provision will be upheld and not stricken as a penalty clause: "First, the damages consequent upon a breach must not be readily ascertainable. Second, the sum stipulated to be forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages.") (citing *Hyman v. Cohen*, 73 So. 2d 393, 398-99 (Fla. 1954)).

Although the parties filed competing summary judgment affidavits addressing whether the seller's damages in the event of the buyer's breach were readily ascertainable at the time the parties executed the contract, and whether the liquidated damages clause required the payment of damages grossly disproportionate to the seller's damages reasonably expected to be caused by the buyer's breach, the circuit court never reached those factual issues. Nor could the circuit court have resolved those issues on summary judgment, given that the competing affidavits plainly created genuine issues of material fact on those issues. *See Gracia v. Sec. First Ins. Co.*, 347 So. 3d 479, 482 (Fla. 5th DCA 2022) (under the new summary judgment standard, "the general rule remains intact: credibility determinations and weighing the evidence are jury functions, not those of a judge, when ruling on a motion for summary judgment") (citation and internal quotation marks omitted); *Andries v. Royal Caribbean Cruises, Ltd.*, 12 So. 3d 260, 261 (Fla. 3d DCA 2009) ("[A] battle of the experts creates an issue for resolution by the jury (precluding summary judgment on that issue if material to the underlying cause of action).") (citation and internal quotation marks omitted).

Thus, a trial on those factual issues only is necessary. If the circuit court determines the liquidated damages clause is enforceable according to the two-prong test, then the circuit court shall enter a new $210,000 final judgment in the seller's favor pursuant to the circuit court's factual

finding from the prior trial. If the circuit court determines the liquidated damages clause is not enforceable according to the two-prong test, then consistent with *Lefemine,* the circuit court shall hold a trial to determine the seller's actual damages as a result of the buyer's breach of contract. 573 So. 2d at 330.

Per the circuit court's previous determination, discovery shall not be re-opened for purposes of either trial. Of course, we take no position on the outcome of the factual issues to be determined. Thus, the parties and the circuit court shall not interpret anything in this opinion as suggesting a particular determination on those factual issues.

All of the buyer's other arguments on appeal lack merit, without further discussion.

*Reversed and remanded for further proceedings.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**